## DEVISE OF " THE INCOME " HELD TO MEAN THE WHOLE INCOME OF THE ESTATE.

Court of Appeals for Hamilton County.

MAYME KOLB SCHINKAL AND DANIEL KOLB v. CYNTHIA KOLB, CAROLINE KOLB SHROPSHIRE, NAOMI KOLB SHERIDAN ET AL.*

Decided, January 17, 1916.

*Wills—Devise to Widow of "the Income," together with Certain Specific Bequests—Words "the Income" Construed to Mean all the Income from the Testator's Estate.*

The bequest "the income hereinafter devised to my said wife in lieu of her dower and all other interests in my estate as widow." in the absence of any reference to any income to accrue to the trustees or any direction as to its investment or disposal, is construed as importing an intention to give all the income to the widow during her lifetime.

---

*Motion to require the Court of Appeals to certify its record in this case overruled by the Supreme Court, February 15, 1916.

*Henry T. Hunt,* for Caroline Kolb Shropshire and Naomi
Kolb Sheridan.

*John J. Acomb* and *Frank R. Gusweiler,* for Cynthia Kolb,
as widow and as executrix, and for Joseph Kolb, individually
and as trustee.

*Matthews & Klein,* for Josephine Kolb Schell.

*C. W. Baker,* for Mayme Kolb Schinkal and Daniel Kolb.

BY THE COURT.

After much discussion of this case, and delay caused by doubt
and prolonged deliberation, we have concluded that there is an
implied bequest to the widow, of the income during her lifetime,
as held by the court below.

In the second item of the will the widow is given household
furniture, books, etc., and following that bequest the testator
says:

"This bequest and the income hereinafter devised to my said
wife in lieu of her dower and all other interests in my estate
as widow," etc.

The words "the income hereinafter devised" import an inten-
tion to give to the wife all the income. The word "all" is
not necessary. Where no word of restriction or limitation is
used, the words "my income," "the income" and the like in-
clude the entire income. If it had been intended to later give
to Mrs. Kolb a portion of the income, or the income from spe-
cific property or securities, it must be presumed that in this item
the testator would have used the words "the portion of the
income," or some other words of like import.

It is contended that Kolb died intestate as to the income dur-
ing the lifetime of his wife. With this contention we can not
agree. If there were no implied bequest of the income, it would
go to the trustees named to take charge of the property from
which the income was to be derived and would accumulate and
remain in their hands. Such being the case, the fact that the
will contains no reference to any income to accrue to the trus-
tees, nor any discretion as to its investment or disposal, coupled

with the disposition of the income after the wife's death, as found in item five of the will, makes all but irresistible the conclusion that at the time the will was made testator intended to and thought he had bequeathed all the income to his wife.

We deem further comment useless. There will never be another will like this one. The peculiar provisions of this will and the rules of construction applicable thereto are ably discussed in the briefs. There is no new question involved, and a long opinion could benefit neither litigants nor counsel in future cases. The general rules on construction of wills are so familiar and so universal in application and operation as to forbid elaboration here. Applying these rules we are convinced that taking the will as a whole, an intention is manifest to give all the income to Mrs. Kolb during her natural life.

The judgment of the common pleas court is therefore affirmed.